Order Form (01/2005)

# United States District Court, Northern District of Illinois



| Name of Assigned Judge or Magistrate Judge | JAMES B. ZAGEL | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 6510 | **DATE** | SEP 20 2011 |
| **CASE TITLE** | United States ex rel. Dewan White (#B-63525) vs. Warden Keith Anglin, et al. | | |

**DOCKET ENTRY TEXT:**

The petitioner's motion to proceed *in forma pauperis* [#3] is denied. The petitioner must: (1) pay the $5.00 statutory filing fee and (2) submit an amended petition plus a judge's copy (including a complete copy of any attached exhibits) on the court's required form within thirty days of the date of this order. The clerk is directed to send the petitioner an amended habeas form and instructions along with a copy of this order. Failure to comply within thirty days of the date of this order will result in summary dismissal of this case pursuant to Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254.

■ [For further details see text below.]   Docketing to mail notices.

## STATEMENT

Dewan White, a state prisoner, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petitioner challenges his first degree murder conviction on the ground that he was not advised during plea negotiations that he would have to serve three years of mandatory supervised release in addition to his 45-year sentence.

The petitioner's motion for leave to proceed *in forma pauperis* is denied for lack of a sufficient showing of indigence. The petitioner's financial affidavit reveals that he has a current balance of $51.05 in his prison trust account. Because the petitioner is a prisoner for whom the State provides the necessities of life, such assets do not qualify him for pauper status. *See, e.g., Longbehn v. United States*, 169 F.3d 1082, 1083-84 (7th Cir. 1999), citing *Lumbert v. Illinois Department of Corrections*, 827 F.2d 257, 260 (7th Cir. 1987). The petitioner is financially able to pay the $5.00 statutory filing fee for habeas corpus petitions and must do so if he wishes to proceed with this action. He may pay by check or money order made payable to Clerk, United States District Court. If the petitioner does not pay the filing fee within thirty days, the court will dismiss this case.

In addition, the petition on file is unacceptable. The petitioner has not used the court's required form, *see* Local Rule 81.3(a) (N.D. Ill.), and has failed to provide all the information elicited on the form he did use. **(CONTINUED)**

mjm

## STATEMENT (continued)

The petitioner must carefully and completely fill out the court's amended habeas petition so that the court can perform its required threshold review under Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254.

The amended complaint should drop Illinois Attorney General Lisa Madigan as a respondent. *See Hogan v. Hanks*, 97 F.3d 189, 190 (7th Cir. 1996), *cert. denied*, 520 U.S. 1171 (1997) (a state's attorney general is a proper party in a habeas petition only if the petitioner is not then confined); *see also* Rules 2(a) and (b) of Rules Governing Section 2254 Cases. In this case, the petitioner is not challenging a future sentence, but rather his present confinement. Therefore, Illinois' Attorney General is not a proper respondent. The only proper respondent in a § 2254 action is the warden of the prison where the petitioner is confined. *Moore v. Pemberton*, 110 F.3d 22, 23 (7th Cir. 1997); *Hogan, supra*, 97 F.3d at 190; *see also* Rule 2(a) of the Rules Governing Section 2254 Cases.

The amended petition must be on the court's required form. The petitioner must write both the case number and the judge's name on the amended petition and return it to the Prisoner Correspondent. As with every document filed with the court, the petitioner must include the original plus a judge's copy of the amended petition. The judge's copy must include a complete set of any exhibits attached to the original amended petition.

The amended petition replaces or supersedes the original petition. In other words, after the petitioner submits an amended petition, the court will no longer consider the original petition. Thus, grounds contained in the original petition will not be considered if they are not included in the amended petition. Furthermore, inmates generally have only one opportunity to seek federal habeas review. Therefore, the petitioner should fill out his amended petition carefully and completely, including any and all grounds he wants the court to consider in determining the validity of his conviction.

In sum, the petitioner must: (1) pay the $5.00 statutory filing fee and (2) submit an amended petition plus a complete judge's copy within thirty days of the date of this order. The Clerk is directed to send the petitioner an amended habeas form and instructions for filing along with a copy of this order. Failure to comply with these directives within thirty days will result in summary dismissal of this case pursuant to Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254.