Order Form (01/2005)

# United States District Court, Northern District of Illinois 

| Name of Assigned Judge or Magistrate Judge | JAMES B. ZAGEL | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 6510 | **DATE** | NOV 0 4 2011 |
| **CASE TITLE** | United States ex rel. Dewan White (#B-63525) vs. Warden Keith Anglin, et al. | | |

**DOCKET ENTRY TEXT:**

The clerk is directed to (1) file the amended petition for a writ of habeas corpus, and (2) terminate Illinois Attorney General Lisa Madigan as a respondent pursuant to the amended habeas petition. Respondent Keith Anglin is ordered to answer the amended petition or otherwise plead within twenty-one days of the date of this order. The petitioner's motion for appointment of counsel [#4] is denied as premature.

■ [For further details see text below.]    Docketing to mail notices.

## STATEMENT

Dewan White, a state prisoner, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petitioner challenges his first degree murder conviction on the ground that he was not advised during plea negotiations that he would have to serve three years of mandatory supervised release in addition to his 45-year sentence. The petitioner has paid the statutory filing fee and submitted an amended habeas petition, as directed. *See* Minute Order of September 20, 2011.

Although the petitioner neither appealed his conviction nor pursued post-conviction proceedings, he indicates that he has exhausted state court remedies, by way of a motion for relief from judgment, with respect to his claim that he was not admonished of the three-year term of mandatory supervised release when he pled guilty. Although the petition may be untimely, untimeliness is an affirmative defense that may be waived if not raised by the respondent. *See, e.g., Allen v. Siebert*, 552 U.S. 3, 6-7 (2007) (citations omitted); *Grigsby v. Cotton*, 456 F.3d 727, 731 (7th Cir. 2006). Accordingly, the respondent is ordered to answer the petition or otherwise plead within twenty-one days of the date of this order. This preliminary order to respond does not, of course, preclude the State from making whatever arguments it may wish to present concerning waiver, exhaustion, procedural default, timeliness, or the substantive merit of the petitioner's challenge.
**(CONTINUED)**

mjm

**STATEMENT (continued)**

The petitioner is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. The petitioner must provide the court with the original plus a judge's copy (including a complete copy of any exhibits) of every document filed. In addition, the petitioner must send an exact copy of any court filing to the Chief, Criminal Appeals Division, Attorney General's Office, 100 West Randolph Street, 12th Floor, Chicago, Illinois 60601. Every document filed by the petitioner must include a certificate of service stating to whom exact copies were sent and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to the petitioner.

The petitioner's motion for appointment of counsel is denied at this time as premature. Counsel must be appointed in a habeas corpus proceeding only if an evidentiary hearing is needed or if interests of justice so require. *See* Rule 8(c), Rules Governing Section 2254 Cases. Whether the interests of justice require appointment of counsel in this case cannot be determined until after the court has had an opportunity to review and consider the respondent's answer to the petition.

Finally, Illinois Attorney General Lisa Madigan is dismissed as a respondent; the petitioner dropped her from the amended petition, as directed. *See* Minute Order of September 20, 2011; *Hogan v. Hanks*, 97 F.3d 189, 190 (7th Cir. 1996); Rules 2(a) and (b) of Rules Governing Section 2254 Cases.