# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Judge Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 6510 | **DATE** | June 5, 2012 |
| **CASE TITLE** | WHITE v. ANGLIN, et al. | | |

**DOCKET ENTRY TEXT:**

The petition for a writ of habeas corpus is denied.

## STATEMENT

In this petition for a writ of habeas corpus, Dewan White challenges his sentence of 45 years imposed for first degree murder after a plea of guilty. His ground is that the trial court did not admonish him that he was subject to mandatory supervised release ("MSR"). The Supreme Court of Illinois holds that failure to admonish the defendant of MSR requirement deprives a defendant of due process in the context of a fully negotiated guilty plea. *People v. Whitfield,* 217 Ill. 2d 177, 840 N.E. 2d 658 (2005). That he was not so admonished is the only basis for the relief he requests. For purposes of this petition, the Warden does not contest the assertion that he was not admonished.

The petition must be dismissed for a variety of reasons.

1. The petition is not timely. The judgment of conviction became final on October 29, 2004. He had one year to file for the writ but failed to do so. The state post-conviction petition would have stopped the running of the clock, but the clock had already run out when he filed in state court in 2007. He filed the first iteration of his petition in federal court in

| STATEMENT |
|---|

September of last year. His only defense for his untimely act is that he did not learn of his MSR term until "years later" (and the year is unspecified.) He could have learned that he had an MSR term by simply inquiring of the circuit court, the prosecutor, the officials at IDOC, his defense lawyer and perhaps others. Due diligence to discover such claims is required. *Owens v. Boyd,* 235 F.3d 356 (7th Cir. 2000).

2. Whatever the state court rule in Illinois may be, there is no precedent in the Supreme Court of the United States that constitutionally requires a state court defendant to be admonished about MSR terms so the Illinois courts did not violate federal constitutional rights.

3. Under Illinois law the rule in *Whitfield* was deemed to be non-retroactive because it was a new rule not applicable to cases on collateral review. *People v. Morris,* 925 N.E. 2d 1069 (Ill. Sup. 2010). This is an independent state ground for denying relief sought here.

There is no arguable issue here for appeal, and I decline to issue a certificate of appealability.